UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| EIREOG INNOVATIONS LTD., <br><br> Plaintiff, <br><br> v. <br><br> AMAZON WEB SERVICES, INC., <br><br> Defendant. | Case No.  1:25-cv-552 <br><br> **JURY TRIAL DEMANDED** |

**COMPLAINT FOR PATENT INFRINGEMENT
AGAINST AMAZON WEB SERVICES, INC.**

This is an action for patent infringement arising under the Patent Laws of the United States of America, 35 U.S.C. § 1 *et seq.*, in which Plaintiff EireOg Innovations Limited ("Plaintiff" or "EireOg") makes the following allegations against Defendant Amazon Web Services, Inc. ("Defendant" or "AWS"):

**INTRODUCTION**

1. This complaint arises from AWS's unlawful infringement of the following United States patents owned by Plaintiff, which relate to improvements in processing devices and systems: United States Patent Nos. 9,436,626 ("the '626 Patent"), 9,442,870 ("the '870 Patent"), 8,504,777 ("the '777 Patent"), and 8,117,399 ("the '399 Patent") (collectively, the "Asserted Patents").

**PARTIES**

2. Plaintiff EireOg Innovations Limited is a private company limited by shares organized and existing under the laws of Ireland, with its principal place of business at The Hyde Building, Suite 23, The Park, Carrickmines, Dublin 18, Ireland.  EireOg is the sole owner by

1

assignment of all rights, title, and interest in the Asserted Patents, including the right to recover damages for past, present, and future infringement.

3. On information and belief, Defendant Amazon Web Services, Inc. is a Delaware corporation with its principal place of business at 410 Terry Avenue North, Seattle, WA 98109-5210, U.S.A. AWS is registered to do business in the State of Texas and may be served through its registered agent Corporation Service Company dba CSC – Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

## JURISDICTION AND VENUE

4. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over AWS in this action because AWS has committed acts within this District giving rise to this action and has established minimum contacts with this forum such that the exercise of jurisdiction over AWS would not offend traditional notions of fair play and substantial justice. AWS maintains several places of business within the State, including at 11501 Alterra Pkwy, Austin, Texas 78758. AWS, directly and through subsidiaries or intermediaries, has committed and continues to commit acts of infringement in this District by, among other things, making, using, offering to sell, and selling products that infringe the Asserted Patent. AWS is registered to do business in the State of Texas, and has appointed as their registered agent, Corporation Service Company d/b/a CSC – Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701, for service of process.

6. Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400(b). AWS is registered to do business in Texas, and upon information and belief, AWS has transacted business

in this District and has committed acts of direct and indirect infringement in this District by, among other things, making, using, offering to sell, selling, and importing products that infringe the Asserted Patent. AWS has regular and established places of business in this District, including at 11501 Alterra Pkwy, Austin, Texas 78758.

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 9,436,626

7. Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

8. Plaintiff owns by assignment all rights, title, and interest, including the right to recover damages for past, present, and future infringement, in U.S. Patent No. 9,436,626, titled "Processor interrupt interface with interrupt partitioning and virtualization enhancements." The '626 Patent was duly and legally issued by the United States Patent and Trademark Office on September 6, 2016. The '626 Patent is valid and enforceable. A true and correct copy of the '626 Patent is attached hereto as Exhibit 1.

9. AWS makes, uses, offers for sale, sells, and/or imports certain products, including without limitation AWS's products using Intel CPUs (Haswell-based architecture and newer) (including but not limited to AWS EC2 Accelerated Computing instance types P5en/P4/G4dn/DL1/DL2q/VT1, AWS EC2 General Purpose instance types M7i/M7i-flex/M6i/M6id/M6in/M6ind/M5/M5n/M5zn/M5d/M5dn/M4/T3/T2, AWS EC2 Compute Optimized instance types C7i/C7i-flex/C6i/C6id/C6in/C5/C5d/C5n/C4, AWS EC2 Memory Optimized instance types R7i/R7iz/R6i/R6id/R6in/R6idn/R5/R5d/R5n/R5b/R4/U7i/U-1/X2idn/X2iedn/X2iezn/X1/X1e/z1d, AWS EC2 Storage Optimized instance types I7ie/I4i/I3/I3en/D3/D3en/D2/H1, AWS EC2 HPC Optimized instance type Hpc6idAWS RDS

General Purpose EC2 instance types T3/M7i/M6id/M5/M5d, AWS RDS Memory Optimized EC2 instance types R7i/R6id/R6i/R6/R5/R5b/R5d/X2iedn/X2idn/X1e/X1/Z1d, AWS Lambda, AWS Cloudfront, AWS S3, Amazon Elastic Kubernetes Service, Amazon Elastic Container Service, Amazon Elastic Map Reduce, Amazon GameLift, Amazon ElasticCache, AWS Batch, Amazon Elemental, AWS Elastic Beanstalk) and AMD CPUs (Zen-based architectures) (including but not limited to AWS EC2 Accelerated Computing instance types G6e/G6/G5/G4ad/F2, AWS EC2 General Purpose instance types M7a/M6a/M5a/M5ad/T3a, AWS EC2 Compute Optimized instance types C7a/C6a/C5a/C5ad, AWS EC2 Memory Optimized instance types R7a/R6a/R6ad/R5a/R5ad, AWS EC2 HPC Optimized instance types Hpc7a/Hpc6a, AWS Lambda, AWS Cloudfront, AWS S3, Amazon Elastic Kubernetes Service, Amazon Elastic Container Service, Amazon Elastic Map Reduce, Amazon GameLift, Amazon ElasticCache, AWS Batch, Amazon Elemental, AWS Elastic Beanstalk) (the "Accused Products"), that directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '626 Patent. Identification of the accused products will be provided in Plaintiff's infringement contentions pursuant to the Court's scheduling order.

10.     The Accused Products satisfy all claim limitations of one or more claims of the '626 Patent.  A claim chart comparing exemplary independent claim 1 of the '626 Patent to representative Accused Products is attached as Exhibits 2 and 3.

11.     By making, using, offering for sale, selling and/or importing into the United States the Accused Products, AWS has injured Plaintiff and is liable for infringement of the '626 Patent pursuant to 35 U.S.C. § 271(a).

12.     AWS also knowingly and intentionally induces infringement of one or more claims of the '626 Patent in violation of 35 U.S.C. § 271(b).  At least as of the filing and service of this

complaint, AWS has knowledge of the '626 Patent and the infringing nature of the Accused Products through, for example, the '626 Patent claim charts served therewith. Despite this knowledge of the '626 Patent, AWS continues to actively encourage and instruct its customers and end users (for example, through user manuals and online instruction materials on its website and materials cited in Exhibits 2 and 3) to use the Accused Products in ways that directly infringe the '626 Patent. For example, AWS advertises the benefits of Intel Xeon (including Saphire Rapids and Cascade Lake architectures) and AMD EPYC processors and their impact on AWS's products, such as the accused EC2 Accelerated Computing instance types P5en/P4/G4dn/DL2q/VT1 and EC2 General Purpose instance types M7a/M6a/M5a/T3. *See* Ex. 4 (https://aws.amazon.com/ec2/instance-types/); Ex. 5 (https://aws.amazon.com/intel/); Ex. 6 (https://aws.amazon.com/ec2/amd/). Further, AWS provides customers with instructions and user guides detailing how to setup, configure, and utilize the Accused Products to utilize the infringing functionality. *See, e.g.,* Ex. 7 (https://docs.aws.amazon.com/AWSEC2/latest/UserGuide/concepts.html); Ex. 8 (https://docs.aws.amazon.com/enclaves/latest/user/nitro-enclave.html). AWS provides these instructions, user manuals, and other materials knowing and intending (or with willful blindness to the fact) that its customers and end users will commit these infringing acts. AWS also continues to make, use, offer for sale, sell, and/or import the Accused Products, despite its knowledge of the '626 Patent, thereby specifically intending for and inducing its customers to infringe the '626 Patent through the customers' normal and customary use of the Accused Products.

13. AWS has also infringed, and continues to infringe, one or more claims of the '626 Patent by selling, offering for sale, or importing into the United States, the Accused Products, knowing that the Accused Products constitute a material part of the inventions claimed in the '626

Patent, are especially made or adapted to infringe the '626 Patent, and are not staple articles or commodities of commerce suitable for non-infringing use.  At least as of the filing and service of this complaint, AWS has knowledge of the '626 Patent and the infringing nature of the Accused Products through, for example, the '626 Patent claim chart served therewith.  AWS has been, and currently is, contributorily infringing the '626 Patent in violation of 35 U.S.C. §§ 271(c) and/or (f).  For example, the accused processor interrupt management features constitute a material part of the inventions claimed in the '626 Patent, are especially made or adapted to infringe the '626 Patent, and are not staple articles or commodities of commerce suitable for non-infringing use, as demonstrated by the evidence in Exhibits 2 and 3.

14. On information and belief, Plaintiff (including its predecessors and any licensees) complied with 35 U.S.C. § 287 during the relevant time period because Plaintiff, any predecessor assignees to the '626 Patent, and any licensees did not make, offer for sale, or sell products that practice(d) the '626 Patent during the relevant time period or were not required to mark during the relevant time period.

15. As a result of AWS's direct infringement of the '626 Patent, Plaintiff is entitled to monetary damages (past, present, and future) in an amount adequate to compensate for AWS's infringement, but in no event less than a reasonable royalty for the use made of the invention by AWS, together with interest and costs as fixed by the Court.

16. As a result of AWS's indirect infringement of the '626 Patent, Plaintiff is entitled to monetary damages (present and future) in an amount adequate to compensate for AWS's infringement, but in no event less than a reasonable royalty for the use made of the invention by AWS, together with interest and costs as fixed by the Court, accruing as of the time AWS obtained knowledge of the '626 Patent.

**COUNT II**

**INFRINGEMENT OF U.S. PATENT NO. 9,442,870**

17. Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

18. Plaintiff owns by assignment all rights, title, and interest, including the right to recover damages for past, present, and future infringement, in U.S. Patent No. 9,442,870, titled "Interrupt priority management using partition-based priority blocking processor registers." The '870 Patent was duly and legally issued by the United States Patent and Trademark Office on September 13, 2016. The '870 Patent is valid and enforceable. A true and correct copy of the '870 Patent is attached hereto as Exhibit 9.

19. AWS makes, uses, offers for sale, sells, and/or imports certain products, including without limitation AWS's products using Intel CPUs (Haswell-based architecture and newer) (including but not limited to AWS EC2 Accelerated Computing instance types P5en/P4/G4dn/DL1/DL2q/VT1, AWS EC2 General Purpose instance types M7i/M7i-flex/M6i/M6id/M6in/M6ind/M5/M5n/M5zn/M5d/M5dn/M4/T3/T2, AWS EC2 Compute Optimized instance types C7i/C7i-flex/C6i/C6id/C6in/C5/C5d/C5n/C4, AWS EC2 Memory Optimized instance types R7i/R7iz/R6i/R6id/R6in/R6idn/R5/R5d/R5n/R5b/R4/U7i/U-1/X2idn/X2iedn/X2iezn/X1/X1e/z1d, AWS EC2 Storage Optimized instance types I7ie/I4i/I3/I3en/D3/D3en/D2/H1, AWS EC2 HPC Optimized instance type Hpc6idAWS RDS General Purpose EC2 instance types T3/M7i/M6id/M5/M5d, AWS RDS Memory Optimized EC2 instance types R7i/R6id/R6i/R6/R5/R5b/R5d/X2iedn/X2idn/X1e/X1/Z1d, AWS Lambda, AWS Cloudfront, AWS S3, Amazon Elastic Kubernetes Service, Amazon Elastic Container Service, Amazon Elastic Map Reduce, Amazon GameLift, Amazon ElasticCache, AWS Batch, Amazon

Elemental, AWS Elastic Beanstalk) and AMD CPUs (Zen-based architectures) (including but not limited to AWS EC2 Accelerated Computing instance types G6e/G6/G5/G4ad/F2, AWS EC2 General Purpose instance types M7a/M6a/M5a/M5ad/T3a, AWS EC2 Compute Optimized instance types C7a/C6a/C5a/C5ad, AWS EC2 Memory Optimized instance types R7a/R6a/R6ad/R5a/R5ad, AWS EC2 HPC Optimized instance types Hpc7a/Hpc6a, AWS Lambda, AWS Cloudfront, AWS S3, Amazon Elastic Kubernetes Service, Amazon Elastic Container Service, Amazon Elastic Map Reduce, Amazon GameLift, Amazon ElasticCache, AWS Batch, Amazon Elemental, AWS Elastic Beanstalk) (the "Accused Products"), that directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '870 Patent. Identification of the accused products will be provided in Plaintiff's infringement contentions pursuant to the Court's scheduling order.

20. The Accused Products satisfy all claim limitations of one or more claims of the '870 Patent. A claim chart comparing exemplary independent claim 1 of the '870 Patent to representative Accused Products is attached as Exhibits 10 and 11.

21. By making, using, offering for sale, selling and/or importing into the United States the Accused Products, AWS has injured Plaintiff and is liable for infringement of the '870 Patent pursuant to 35 U.S.C. § 271(a).

22. AWS also knowingly and intentionally induces infringement of one or more claims of the '870 Patent in violation of 35 U.S.C. § 271(b). At least as of the filing and service of this complaint, AWS has knowledge of the '870 Patent and the infringing nature of the Accused Products through, for example, the '870 Patent claim charts served therewith. Despite this knowledge of the '870 Patent, AWS continues to actively encourage and instruct its customers and end users (for example, through user manuals and online instruction materials on its website and

materials cited in Exhibits 10 and 11) to use the Accused Products in ways that directly infringe the '870 Patent. For example, AWS advertises the benefits of Intel Xeon (including Saphire Rapids and Cascade Lake architectures) and AMD EPYC processors and their impact on AWS's products, such as the accused EC2 Accelerated Computing instance types P5en/P4/G4dn/DL2q/VT1 and EC2 General Purpose instance types M7a/M6a/M5a/T3.  *See* Ex. 4 (https://aws.amazon.com/ec2/instance-types/); Ex. 5 (https://aws.amazon.com/intel/); Ex. 6 (https://aws.amazon.com/ec2/amd/). Further, AWS provides customers with instructions and user guides detailing how to setup, configure, and utilize the Accused Products to utilize the infringing functionality. *See, e.g.*, Ex. 7 (https://docs.aws.amazon.com/AWSEC2/latest/UserGuide/concepts.html); Ex. 8 (https://docs.aws.amazon.com/enclaves/latest/user/nitro-enclave.html). AWS provides these instructions, user manuals, and other materials knowing and intending (or with willful blindness to the fact) that its customers and end users will commit these infringing acts. AWS also continues to make, use, offer for sale, sell, and/or import the Accused Products, despite its knowledge of the '870 Patent, thereby specifically intending for and inducing its customers to infringe the '870 Patent through the customers' normal and customary use of the Accused Products.

23.   AWS has also infringed, and continues to infringe, one or more claims of the '870 Patent by selling, offering for sale, or importing into the United States, the Accused Products, knowing that the Accused Products constitute a material part of the inventions claimed in the '870 Patent, are especially made or adapted to infringe the '870 Patent, and are not staple articles or commodities of commerce suitable for non-infringing use. At least as of the filing and service of this complaint, AWS has knowledge of the '870 Patent and the infringing nature of the Accused Products through, for example, the '870 Patent claim chart served therewith. AWS has been, and

currently is, contributorily infringing the '870 Patent in violation of 35 U.S.C. §§ 271(c) and/or (f). For example, the accused processor interrupt management features constitute a material part of the inventions claimed in the '870 Patent, are especially made or adapted to infringe the '870 Patent, and are not staple articles or commodities of commerce suitable for non-infringing use, as demonstrated by the evidence in Exhibits 10 and 11.

24. On information and belief, Plaintiff (including its predecessors and any licensees) complied with 35 U.S.C. § 287 during the relevant time period because Plaintiff, any predecessor assignees to the '870 Patent, and any licensees did not make, offer for sale, or sell products that practice(d) the '870 Patent during the relevant time period or were not required to mark during the relevant time period.

25. As a result of AWS's direct infringement of the '870 Patent, Plaintiff is entitled to monetary damages (past, present, and future) in an amount adequate to compensate for AWS's infringement, but in no event less than a reasonable royalty for the use made of the invention by AWS, together with interest and costs as fixed by the Court.

26. As a result of AWS's indirect infringement of the '870 Patent, Plaintiff is entitled to monetary damages (present and future) in an amount adequate to compensate for AWS's infringement, but in no event less than a reasonable royalty for the use made of the invention by AWS, together with interest and costs as fixed by the Court, accruing as of the time AWS obtained knowledge of the '870 Patent.

## COUNT III

## INFRINGEMENT OF U.S. PATENT NO. 8,504,777

27. Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

28. Plaintiff owns by assignment all rights, title, and interest, including the right to recover damages for past, present, and future infringement, in U.S. Patent No. 8,504,777, titled "Data processor for processing decorated instructions with cache bypass." The '777 Patent was duly and legally issued by the United States Patent and Trademark Office on August 6, 2013. The '777 Patent is valid and enforceable. A true and correct copy of the '777 Patent is attached hereto as Exhibit 12.

29. AWS makes, uses, offers for sale, sells, and/or imports certain products, including without limitation AWS's products using Intel CPUs (Skylake-based architecture and newer) (including but not limited to AWS EC2 Accelerated Computing instance types P5en/P4/G4dn/DL1/DL2q/VT1, AWS EC2 General Purpose instance types 7i/M7i-flex/M6i/M6id/M6in/M6ind/M5/M5n/M5zn/M5d/M5dn/M4/T3/T2, AWS EC2 Compute Optimized instance types C7i/C7i-flex/C6i/C6id/C6in/C5/C5d/C5n, AWS EC2 Memory Optimized instance types, R7i/R7iz/R6i/R6id/R6in/R6idn/R5/R5d/R5n/R5b/R4/U7i/U-1/X2idn/X2iedn/X2iezn/X1/X1e/z1d, AWS EC2 Storage Optimized instance types I7ie/I4i/I3/I3en/D3/D3en/D2/H1, AWS EC2 HPC Optimized instance type Hpc6id, AWS RDS General Purpose EC2 instance types T3/M7i/M6id/M5/M5d, AWS RDS Memory Optimized EC2 instance types R7i/R6id/R6i/R6/R5/R5b/R5d/X2iedn/X2idn/X1e/X1/Z1d, AWS Lambda, AWS Cloudfront, AWS S3, Amazon Elastic Kubernetes Service, Amazon Elastic Container Service, Amazon Elastic Map Reduce, Amazon GameLift, Amazon ElasticCache, AWS Batch, Amazon Elemental, and AWS Elastic Beanstalk) and AMD CPUs (EPYC series) (including but not limited to AWS EC2 Accelerated Computing instance types G6e/G6/G5/G4ad/F2, AWS EC2 General Purpose instance types M7a/M6a/M5a/M5ad/T3a, AWS EC2 Compute Optimized instance types C7a/C6a/C5a/C5ad, AWS EC2 Memory Optimized instance types R7a/R6a/R6ad/R5a/R5ad,

AWS EC2 HPC Optimized instance types Hpc7a/Hpc6a, AWS Lambda, AWS Cloudfront, AWS S3, Amazon Elastic Kubernetes Service, Amazon Elastic Container Service, Amazon Elastic Map Reduce, Amazon GameLift, Amazon ElasticCache, AWS Batch, Amazon Elemental, AWS Elastic Beanstalk) (the "Accused Products"), that directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '777 Patent. Identification of the accused products will be provided in Plaintiff's infringement contentions pursuant to the Court's scheduling order.

30. The Accused Products satisfy all claim limitations of one or more claims of the '777 Patent. A claim chart comparing exemplary independent claim 16 of the '777 Patent to representative Accused Products is attached as Exhibits 13 and 14.

31. By making, using, offering for sale, selling and/or importing into the United States the Accused Products, AWS has injured Plaintiff and is liable for infringement of the '777 Patent pursuant to 35 U.S.C. § 271(a).

32. AWS also knowingly and intentionally induces infringement of one or more claims of the '777 Patent in violation of 35 U.S.C. § 271(b). At least as of the filing and service of this complaint, AWS has knowledge of the '777 Patent and the infringing nature of the Accused Products through, for example, the '777 Patent claim chart served therewith. Despite this knowledge of the '777 Patent, AWS continues to actively encourage and instruct its customers and end users (for example, through user manuals and online instruction materials on its website and materials cited in Exhibits 13 and 14) to use the Accused Products in ways that directly infringe the '777 Patent. For example, AWS advertises the benefits of Intel Xeon (including Saphire Rapids and Cascade Lake architectures) and AMD EPYC processors and their impact on AWS's products, such as the accused EC2 Accelerated Computing instance types P5en/P4/G4dn/DL2q/VT1 and EC2 General Purpose instance types M7a/M6a/M5a/T3. *See* Ex. 4

(https://aws.amazon.com/ec2/instance-types/); Ex. 5 (https://aws.amazon.com/intel/); Ex. 6 (https://aws.amazon.com/ec2/amd/). Further, AWS provides customers with instructions and user guides detailing how to setup, configure, and utilize the Accused Products to utilize the infringing functionality. *See, e.g.*, Ex. 7 (https://docs.aws.amazon.com/AWSEC2/latest/UserGuide/concepts.html). AWS provides these instructions, user manuals, and other materials knowing and intending (or with willful blindness to the fact) that its customers and end users will commit these infringing acts. AWS also continues to make, use, offer for sale, sell, and/or import the Accused Products, despite its knowledge of the '777 Patent, thereby specifically intending for and inducing its customers to infringe the '777 Patent through the customers' normal and customary use of the Accused Products.

33. AWS has also infringed, and continues to infringe, one or more claims of the '777 Patent by selling, offering for sale, or importing into the United States, the Accused Products, knowing that the Accused Products constitute a material part of the inventions claimed in the '777 Patent, are especially made or adapted to infringe the '777 Patent, and are not staple articles or commodities of commerce suitable for non-infringing use. At least as of the filing and service of this complaint, AWS has knowledge of the '777 Patent and the infringing nature of the Accused Products through, for example, the '777 Patent claim chart served therewith. AWS has been, and currently is, contributorily infringing the '777 Patent in violation of 35 U.S.C. §§ 271(c) and/or (f). For example, the accused cache processing features constitute a material part of the inventions claimed in the '777 Patent, are especially made or adapted to infringe the '777 Patent, and are not staple articles or commodities of commerce suitable for non-infringing use, as demonstrated by the evidence in Exhibits 13 and 14.

34. On information and belief, Plaintiff (including its predecessors and any licensees) complied with 35 U.S.C. § 287 during the relevant time period because Plaintiff, any predecessor assignees to the '777 Patent, and any licensees did not make, offer for sale, or sell products that practice(d) the '777 Patent during the relevant time period or were not required to mark during the relevant time period.

35. As a result of AWS's direct infringement of the '777 Patent, Plaintiff is entitled to monetary damages (past, present, and future) in an amount adequate to compensate for AWS's infringement, but in no event less than a reasonable royalty for the use made of the invention by AWS, together with interest and costs as fixed by the Court.

36. As a result of AWS's indirect infringement of the '777 Patent, Plaintiff is entitled to monetary damages (present and future) in an amount adequate to compensate for AWS's infringement, but in no event less than a reasonable royalty for the use made of the invention by AWS, together with interest and costs as fixed by the Court, accruing as of the time AWS obtained knowledge of the '777 Patent.

## COUNT IV

## INFRINGEMENT OF U.S. PATENT NO. 8,117,399

37. Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

38. Plaintiff owns by assignment all rights, title, and interest, including the right to recover damages for past, present, and future infringement, in U.S. Patent No. 8,117,399, titled "Processing of coherent and incoherent accesses at a uniform cache." The '399 Patent was duly and legally issued by the United States Patent and Trademark Office on February 14, 2012.

The '399 Patent is valid and enforceable. A true and correct copy of the '399 Patent is attached hereto as Exhibit 15.

39. AWS makes, uses, offers for sale, sells, and/or imports certain products, including without limitation AWS's products using Intel CPUs (Skylake-based architecture and newer) (including but not limited to AWS EC2 Accelerated Computing instance types P5en/P4/G4dn/DL1/DL2q/VT1, AWS EC2 General Purpose instance types 7i/M7i-flex/M6i/M6id/M6in/M6ind/M5/M5n/M5zn/M5d/M5dn/M4/T3/T2, AWS EC2 Compute Optimized instance types C7i/C7i-flex/C6i/C6id/C6in/C5/C5d/C5n, AWS EC2 Memory Optimized instance types, R7i/R7iz/R6i/R6id/R6in/R6idn/R5/R5d/R5n/R5b/R4/U7i/U-1/X2idn/X2iedn/X2iezn/X1/X1e/z1d, AWS EC2 Storage Optimized instance types I7ie/I4i/I3/I3en/D3/D3en/D2/H1, AWS EC2 HPC Optimized instance type Hpc6id, AWS RDS General Purpose EC2 instance types T3/M7i/M6id/M5/M5d, AWS RDS Memory Optimized EC2 instance types R7i/R6id/R6i/R6/R5/R5b/R5d/X2iedn/X2idn/X1e/X1/Z1d, AWS Lambda, AWS Cloudfront, AWS S3, Amazon Elastic Kubernetes Service, Amazon Elastic Container Service, Amazon Elastic Map Reduce, Amazon GameLift, Amazon ElasticCache, AWS Batch, Amazon Elemental, and AWS Elastic Beanstalk) and AMD CPUs (EPYC series) (including but not limited to AWS EC2 Accelerated Computing instance types G6e/G6/G5/G4ad/F2, AWS EC2 General Purpose instance types M7a/M6a/M5a/M5ad/T3a, AWS EC2 Compute Optimized instance types C7a/C6a/C5a/C5ad, AWS EC2 Memory Optimized instance types R7a/R6a/R6ad/R5a/R5ad, AWS EC2 HPC Optimized instance types Hpc7a/Hpc6a, AWS Lambda, AWS Cloudfront, AWS S3, Amazon Elastic Kubernetes Service, Amazon Elastic Container Service, Amazon Elastic Map Reduce, Amazon GameLift, Amazon ElasticCache, AWS Batch, Amazon Elemental, AWS Elastic Beanstalk) (the "Accused Products"), that directly infringe, literally and/or under the doctrine of

15

equivalents, one or more claims of the '399 Patent. Identification of the accused products will be provided in Plaintiff's infringement contentions pursuant to the Court's scheduling order.

40. The Accused Products satisfy all claim limitations of one or more claims of the '399 Patent. A claim chart comparing exemplary independent claim 14 of the '399 Patent to representative Accused Products is attached as Exhibits 16 and 17.

41. By making, using, offering for sale, selling and/or importing into the United States the Accused Products, AWS has injured Plaintiff and is liable for infringement of the '399 Patent pursuant to 35 U.S.C. § 271(a).

42. AWS also knowingly and intentionally induces infringement of one or more claims of the '399 Patent in violation of 35 U.S.C. § 271(b). At least as of the filing and service of this complaint, AWS has knowledge of the '399 Patent and the infringing nature of the Accused Products through, for example, the '399 Patent claim chart served therewith. Despite this knowledge of the '399 Patent, AWS continues to actively encourage and instruct its customers and end users (for example, through user manuals and online instruction materials on its website and materials cited in Exhibits 16 and 17) to use the Accused Products in ways that directly infringe the '399 Patent. For example, AWS advertises the benefits of Intel Xeon (including Saphire Rapids and Cascade Lake architectures) and AMD EPYC processors and their impact on AWS's products, such as the accused EC2 Accelerated Computing instance types P5en/P4/G4dn/DL2q/VT1 and EC2 General Purpose instance types M7a/M6a/M5a/T3. *See* Ex. 4 (https://aws.amazon.com/ec2/instance-types/); Ex. 5 (https://aws.amazon.com/intel/); Ex. 6 (https://aws.amazon.com/ec2/amd/). Further, AWS provides customers with instructions and user guides detailing how to setup, configure, and utilize the Accused Products to utilize the infringing functionality. *See, e.g.,* Ex. 7

(https://docs.aws.amazon.com/AWSEC2/latest/UserGuide/concepts.html).  AWS provides these instructions, user manuals, and other materials knowing and intending (or with willful blindness to the fact) that its customers and end users will commit these infringing acts.  AWS also continues to make, use, offer for sale, sell, and/or import the Accused Products, despite its knowledge of the '399 Patent, thereby specifically intending for and inducing its customers to infringe the '399 Patent through the customers' normal and customary use of the Accused Products.

43.     AWS has also infringed, and continues to infringe, one or more claims of the '399 Patent by selling, offering for sale, or importing into the United States, the Accused Products, knowing that the Accused Products constitute a material part of the inventions claimed in the '399 Patent, are especially made or adapted to infringe the '399 Patent, and are not staple articles or commodities of commerce suitable for non-infringing use.  At least as of the filing and service of this complaint, AWS has knowledge of the '399 Patent and the infringing nature of the Accused Products through, for example, the '399 Patent claim chart served therewith.  AWS has been, and currently is, contributorily infringing the '399 Patent in violation of 35 U.S.C. §§ 271(c) and/or (f).  For example, the accused cache processing features constitute a material part of the inventions claimed in the '399 Patent, are especially made or adapted to infringe the '399 Patent, and are not staple articles or commodities of commerce suitable for non-infringing use, as demonstrated by the evidence in Exhibits 16 and 17.

44.     On information and belief, Plaintiff (including its predecessors and any licensees) complied with 35 U.S.C. § 287 during the relevant time period because Plaintiff, any predecessor assignees to the '399 Patent, and any licensees did not make, offer for sale, or sell products that practice(d) the '399 Patent during the relevant time period or were not required to mark during the relevant time period.

45. As a result of AWS's direct infringement of the '399 Patent, Plaintiff is entitled to monetary damages (past, present, and future) in an amount adequate to compensate for AWS's infringement, but in no event less than a reasonable royalty for the use made of the invention by AWS, together with interest and costs as fixed by the Court.

46. As a result of AWS's indirect infringement of the '399 Patent, Plaintiff is entitled to monetary damages (present and future) in an amount adequate to compensate for AWS's infringement, but in no event less than a reasonable royalty for the use made of the invention by AWS, together with interest and costs as fixed by the Court, accruing as of the time AWS obtained knowledge of the '399 Patent.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter:

a. A judgment in favor of Plaintiff that AWS has infringed, either literally and/or under the doctrine of equivalents, the '626, '870, '777, and '399 Patents;

b. A judgment and order requiring AWS to pay Plaintiff its damages (past, present, and future), costs, expenses, and pre-judgment and post-judgment interest for AWS's infringement of the '626, '870, '777, and '399 Patents;

c. A judgment and order requiring AWS to pay Plaintiff compulsory ongoing licensing fees, as determined by the Court in equity.

d. A judgment and order requiring AWS to provide an accounting and to pay supplemental damages to Plaintiff, including without limitation, pre-judgment and post-judgment interest and compensation for infringing products released after the filing of this case that are not colorably different from the accused products;

e. A judgment and order finding that this is an exceptional case within the meaning

of 35 U.S.C. § 285 and awarding to Plaintiff its reasonable attorneys' fees against AWS; and

f.      Any and all other relief as the Court may deem appropriate and just under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Dated:  April 11, 2025

Respectfully submitted,

*/s/ Brett E. Cooper*
Brett E. Cooper (NY SBN 4011011)
bcooper@bc-lawgroup.com
Seth Hasenour (TX SBN 24059910)
shasenour@bc-lawgroup.com
Jonathan Yim (TX SBN 24066317)
jyim@bc-lawgroup.com
Drew B. Hollander (NY SBN 5378096)
dhollander@bc-lawgroup.com

**BC LAW GROUP, P.C.**
200 Madison Avenue, 24th Floor
New York, NY 10016
Phone: 212-951-0100

***Attorneys for Plaintiff EireOg Innovations Limited***